UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICIA STEVENSON, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2020 cv 06564 |
| | ) |
| v. | ) Honorable Charles R. Norgle |
| | ) |
| TARGET CORPORATION, d/b/a TARGET, | ) |
| | ) |
| Defendant. | ) |

**JOINT STATUS REPORT**

NOW COME Defendant, TARGET CORPORATION, by and through its attorneys, BRYCE DOWNEY & LENKOV LLC, and Plaintiff, ALICIA STEVENSON, by and through her attorneys, CHADWICK & LAKERDAS, and pursuant to this Honorable Court's Order of 3/15/21, submit the following Joint Status Report:

I. **Nature of the Case**

   a. **State the basis for federal jurisdiction.**

   The basis for federal jurisdiction is diversity. Plaintiff is a citizen and resident of the State of Illinois. Defendant Target Corporation is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota.

   The amount in controversy exceeds $75,000.00 exclusive of interest and costs, as appears from Plaintiff's Complaint at Law. Plaintiff allegedly sustained severe and permanent injuries, was left seriously and permanently disabled, experienced great conscious pain and suffering and incurred obligations for substantial sums of money for medical, hospital and related expenses as well as lost income. In her Complaint, Plaintiff has also demanded judgment against Defendant in an amount in excess of the $50,000.00 jurisdictional limits, plus costs. Additionally, on 11/3/20, Plaintiff's attorney informed defense counsel that Plaintiff could not stipulate that Plaintiff's damages are below $75,000.00. At that time, Plaintiff's attorney further indicated that Plaintiff had undergone surgery, accrued approximately $40,000.00 in medical bills and was still treating. Plaintiff demanded an amount in excess of the amount in controversy requirement for removal on 4/21/21.

   b. **Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

1

This is a negligence claim involving an alleged injury at Defendant's store as a result of a rug allegedly falling on Plaintiff. Plaintiff filed a single-count complaint alleging negligence. Plaintiff seeks damages for medical expenses, pain and suffering, lost wages, disfigurement, loss of normal life and disability. No counter-claims or third-party claims have been filed. Defendant has alleged Plaintiff's contributory negligence as an affirmative defense.

    c.    **Describe the relief sought by the plaintiff(s).**

Plaintiff's Complaint at Law prayed for judgment against Defendant in a sum in excess of the $50,000.00 jurisdictional limit of the Circuit Court of Cook County Law Division plus costs.

    d.    **State whether there has been a jury demand.**

Yes, a jury has been demanded by both parties.

    e.    **List the names of any parties who have not yet been served.**

None.

II.    **Discovery and Pending Motions**

    a.    **Identify any pending motions.**

No motions are currently pending. Defendant may file an MSJ after non-medical fact discovery is complete.

    b.    **Submit a proposal for discovery and a case management plan that includes the following information: (1) the type of discovery needed, including any potential electronic discovery or bifurcated discovery; (2) the need for any proposed protective orders; (3) a date for Rule 26(a)(1) disclosures; (4) a date for the completion of fact discovery; and (5) whether there will be expert discovery.**

**(1) Describe the general type of discovery needed.**

The parties have completed initial Rule 26(a)(1) Disclosures as well as regular written discovery responses. The parties will need to complete party and treater depositions. Expert discovery may be required.

The parties wish to bifurcate non-medical from medical fact discovery as well as from expert discovery to allow them to present motions for summary judgment on liability prior to engaging in costly medical and expert discovery.

**(2) The need for any proposed protective orders.**

An agreed confidentiality order has already been entered.

### (3) A date for Rule 26(a)(1) disclosures:

Rule 26(a)(1) disclosures have been completed.

### (4) A date for the completion of fact discovery.

The parties request bifurcation of fact discovery as mentioned above. Non-medical fact discovery to be completed by 9/14/21. Once non-medical fact discovery is concluded, the parties will attempt settlement. If the case cannot be settled, Defendant will present a motion for summary judgment. If the motion for summary judgment is denied, the parties will propose a deadline for completion of medical fact discovery.

### (5) Whether there will be expert discovery.

The parties do anticipate the need for expert discovery.

III. **Settlement, Referrals and Consent**

a. **State whether any settlement discussions have occurred and the status of any settlement negotiations. (Do not provide any particulars of any demands or offers that have been made.)**

Yes. Informal settlement discussions have occurred. Plaintiff made a demand on 4/21/21, but no offers have yet been made. The parties will likely need to complete non-medical fact discovery before negotiations can occur.

b. **State whether the parties request a settlement conference at this time.**

The parties do not request a settlement conference at this time. The parties may request a settlement conference at a later date.

c. **The court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge. State whether all parties unanimously consent to proceed before the Magistrate Judge.**

The parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, but the parties do not unanimously consent to that procedure.

| | |
|---|---|
| Respectfully submitted,<br>TARGET CORPORATION | Respectfully submitted,<br>ALICIA STEVENSON |
| By: *s/Christopher M. Puckelwartz*<br>One of its attorneys | By: *s/ Sturgis Elliot Chadwick, III*<br>One of her attorneys |

Rich Lenkov, #6231079
Christopher M. Puckelwartz, #6243690
BRYCE DOWNEY & LENKOV LLC
200 N. LaSalle Street, Suite 2700
Chicago, IL 60601
P: 312.377.1501
F: 312.377.1502
E: rlenkov@bdlfirm.com
E: cpuckelwartz@bdlfirm.com

Sturgis Elliot Chadwick, III
CHADWICK & LAKERDAS
5300 South Shore Dr, Suite 100
Chicago, IL 60615
P: 773.955.1088
F: 773.955.9511
E: schadwick@chadwicklakerdas.com
E: mkelly@chadwicklakerdas.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Joint Status Report** was filed on the 18th day of May, 2021, with the Clerk of Court using the CM/ECF electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

By: *s/Christopher M. Puckelwartz*
One of Defendant's Attorneys

Rich Lenkov, #6231079
Christopher M. Puckelwartz, #6243690
BRYCE DOWNEY & LENKOV LLC
200 N. LaSalle Street, Suite 2700
Chicago, IL 60601
P: 312.377.1501
F: 312.377.1502
E: rlenkov@bdlfirm.com
E: cpuckelwartz@bdlfirm.com

**SERVICE LIST**

**Plaintiff's Attorneys**
Sturgis Elliot Chadwick, III
Michael G. Kelly
CHADWICK & LAKERDAS
5300 South Shore Dr, Suite 100
Chicago, IL 60615
P: 773.955.1088
F: 773.955.9511
E: schadwick@chadwicklakerdas.com
E: mkelly@chadwicklakerdas.com